**CITY OF ANGELES MISSION CHURCH, Plaintiff,**

v.

**CITY OF HOUSTON, TEXAS, Defendant.**

**Civ. A. No. H–89–1941.**

United States District Court, S.D. Texas, Houston Division.

July 30, 1989.

Beatrice Mladenka–Fowler, Houston, Tex., for plaintiff.

Gilbert D. Douglas, Asst. City Atty., City of Houston Legal Dept., Houston, Tex., for defendant.

## ORDER

HITTNER, District Judge.

Plaintiff CITY OF ANGELES MISSION CHURCH brought this action for preliminary injunction contending that its federal rights, protected by the First and Fourteenth Amendments to the United States Constitution, have been violated by the Defendant, CITY OF HOUSTON. Plaintiff also alleges that Defendant has violated Art. 1 §§ 3 and 8 of the Constitution of the State of Texas and asserts claims based upon these violations.

Specifically, Plaintiff alleges that its Mission is faced with irreparable harm by the threat of the CITY OF HOUSTON, in violation of the First and Fourteenth Amendments to the United States Constitution and Art. 1, §§ 3 and 8 of the Constitution of the State of Texas, citing the members of the CITY OF ANGELES for soliciting funds on the street corners of the City of Houston.

## STATEMENT OF FACTS

Plaintiff is a non-profit religious organization whose purpose is to serve needy members of their community. The Mission gets most of its funds from solicitations and has a permit from Defendant entitling it to solicit charitable contributions.

The activities of Plaintiff include the solicitation of funds, including from the occupants of motor vehicles temporarily stopped or standing in traffic lanes at street intersections.

City Ordinance Art. V. § 36–80(a) states:
It shall be unlawful for any person to solicit funds for charitable or welfare purposes from an occupant of any motor vehicle which is on a public street or on a street, roadway or parking area of any city park, whether or not the person soliciting funds is or is not on a public street or other public property.

An offense under Section 36–80(a) is a misdemeanor, punishable by a fine of up to $200.00.

On numerous occasions, including, but not limited to January 1, 1988, August 28, 1988, January 9, 1989, January 31, 1989

(two separate citations) and May 8, 1989, police officers from the CITY OF HOUSTON have issued citations to members of the CITY OF ANGELES for soliciting on the street corners in violation of City Ordinance Art. V. § 36–80(a).

On each of the occasions of a citation served by the CITY on a member of the CITY OF ANGELES MISSION, the charges have been dismissed, the ticketing officer having failed to be present at trial.

On each of the occasions of an arrest by the CITY on a member of the CITY OF ANGELES MISSION, the member has been required to post bond. On one of those occasions the charges were dismissed. The results of the other occasion of arrest are unknown to Plaintiff, that member having left the Mission.

The City of Houston defended Ordinance § 36–80a on grounds of safety and public convenience (i.e., traffic flow).

Prior to 1981 the City of Houston had an ordinance making it unlawful for persons to sell newspapers on Houston streets. The City Code allowed the sale of flowers and frozen foods on city streets.

The Ordinance prohibiting sale of newspapers on city streets was declared unconstitutional by the State Court of Civil Appeals. *Houston Chronicle v. City of Houston*, 620 S.W.2d 833 (Tex.Civ.App.— Houston [14th], 1981).

The wording of the ordinance prohibiting the sale of newspapers on Houston streets and the challenged ordinance here (§ 36–80a) are essentially identical.

Subsequent to the decision in *Houston Chronicle* the City of Houston has allowed newspaper vendors to sell papers on the street corners of the streets of Houston.

In addition, the City continues to allow the sale of frozen food on Houston streets. In 1985 the ordinance exempting flower vendors from the general prohibition was amended, but the Court finds that selling flowers to occupants of motor vehicles on the streets of Houston continues to take place and is tolerated by the City.

There is no evidence that the solicitation of funds for charitable purposes creates any greater safety or traffic flow concern than does the sale of frozen desserts or newspapers on city streets.

Plaintiff is losing hundreds of dollars per day as a result of Defendant's enforcement of Ordinance § 36–80a. Plaintiff has had to reduce its pantry days from five days a week to two or three due to loss of revenues.

Unless enjoined, the City of Houston will continue to enforce Ordinance Art. V. § 36–80a.

## STATEMENT OF LAW

Before a party is entitled to preliminary injunctive relief it must show:

1. a substantial likelihood that plaintiff will prevail on the merits;

2. a substantial threat that irreparable injury will result if the injunction is not granted;

3. that the threatened injury outweighs the threatened harm to defendant; and

4. that granting the preliminary injunction will not disserve the public interest.

When a constitutional right is involved, however, most courts hold that no further showing of irreparable injury is necessary. WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2948. cf. WRIGHT AND MILLER quoted by the court in *Public Utility Commission of Texas v. City of Austin*, 710 S.W.2d 658, 662 (Tex.App.—Austin, 1986).

■ The solicitation of funds for charitable purposes constitutes a speech interest that is within the protection of the First Amendment. *Randolph Riley, etc., et al. v. National Federation of the Blind of North Carolina, Inc., et al.*, — U.S. —, 108 S.Ct. 2667, 101 L.Ed.2d 669 (1988); *International Society of Krishna Consciousness of Houston, Inc. v. City of Houston, et al.*, 689 F.2d 541 (5th Cir.1982); *Village of Schaumburg v. Citizens for a Better Environment, et al.*, 444 U.S. 620, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980); *Bates v. State Bar of Arizona*, 433 U.S. 350, 97

S.Ct. 2691, 53 L.Ed.2d 810 (1977); *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). See also *Murdock v. Pennsylvania*, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943) (the sale of religious literature by itinerant evangelists in the course of spreading their doctrine is not a commercial enterprise beyond the protection of the First Amendment).

■ Once a governmental regulation is shown to impinge on First and Fourteenth Amendment rights, the burden falls on the government to show the validity of its asserted interest and the absence of less intrusive alternatives. *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Heffron v. International Society for Krishna Consciousness, Inc.*, 452 U.S. 640, 101 S.Ct. 2559, 2569, 69 L.Ed.2d 298 (1981).

■ The court must balance the legitimate interests of the municipality under its police power against the preferred status of First and Fourteenth Amendment rights. *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882, 2889, 69 L.Ed.2d 800 (1981); *Saia v. State of New York*, 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948); *Schneider v. State of New Jersey*, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155 (1939).

Access to public streets has long been regarded as an essential element of freedoms of speech and of the press. *Flower v. United States*, 407 U.S. 197, 92 S.Ct. 1842, 32 L.Ed.2d 653 (1972); *Houston Chronicle v. City of Houston*, 620 S.W.2d 833, 836 (Tex.Civ.App.—Houston [14th], 1981).

■ A total ban of a particular medium of expression must be closely scrutinized to assess the substantiality of the governmental interests asserted and to determine if the intended objectives of the enactment could be fulfilled by a more narrowly-drawn provision, less restrictive of such preferred rights. *Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981).

■ Courts have previously noted that traffic control and safety are substantial governmental goals, *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882, 2892, 69 L.Ed.2d 800 (1981), but that fact alone does not justify an attempted regulation of fundamental freedoms of expression. *Houston Chronicle v. City of Houston*, 620 S.W.2d 833 (Tex.Civ.App.—Houston [14th], 1981).

■ Although the collection of funds might be subject to reasonable regulation, such regulation must be done, and the restriction applied, in such a manner as not to intrude upon the rights of free speech and free assembly. *Village of Schaumburg v. Citizens for a Better Environment, et al.*, 444 U.S. 620, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980); *Thomas v. Collins*, 323 U.S. 516, 540–541, 65 S.Ct. 315, 327–28, 89 L.Ed. 430 (1945).

■ A city may not prevent the collection of funds for a religious purpose by unreasonably obstructing or delaying their collection. *Jamison v. Texas*, 318 U.S. 413, 417, 63 S.Ct. 669, 672, 87 L.Ed. 869 (1943); *Schneider v. State*, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155 (1939); *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); *Village of Schaumburg v. Citizens for a Better Environment, et al.*, 444 U.S. 620, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980).

■ The Court finds that City Ordinance Art. V. § 36–80a denies Plaintiff CITY OF ANGELES access to the streets of Houston.

Defendant CITY OF HOUSTON has made no showing that its legitimate governmental interests of safety and public convenience (i.e., traffic flow) cannot be fulfilled by a more narrowly-drawn provision.

The Court finds that City Ordinance Art V. § 36–80a unreasonably intrudes upon Plaintiff's right of free speech in violation of the First Amendment to the United States Constitution. *International Society for Krishna Consciousness of Houston, Inc. v. City of Houston, Texas, et al.*, 689 F.2d 541 (5th Cir.1982).

The Court further concludes that while the ends are permissible, the means of achieving those ends—the ordinance—sweep too broadly, unnecessarily invading appellant's protected freedoms. The ordinance is therefore void as written. *Houston Chronicle, supra* at 837.

■ The ordinance also fails to withstand equal protection analysis. *Houston Chronicle v. City of Houston,* 620 S.W.2d 833 (Tex.Civ.App.—Houston [14th], 1981).

Equal protection questions involve inquiry into three subjects: the character of the classification in question; the individual interests affected by the classification; and the governmental interests asserted in support of the classification.

Where fundamental rights are affected, the classification becomes suspect, and the state must show that the classification is necessary to promote a compelling state interest. *Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972).

Rights of free speech and free press are fundamental, therefore the *Blumstein* test applies.

Sufficient regulatory interests may justify selective exclusions from a public forum because conflicting demands on the same place may compel the state to choose from among several potential users and uses, but such justifications will be carefully scrutinized. *Police Department of City of Chicago v. Mosley,* 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972).

The solicitation of funds for charitable purposes is sufficiently similarly situated to the sale of papers or frozen desserts on the City streets for purposes of the Fourteenth Amendment equal protection claim. The CITY OF HOUSTON has made no showing of justification for denying the right to solicit funds for charitable purposes while allowing the purely commercial activities of frozen dessert vendors and the sale of newspapers.

The Court finds City Ordinance Art V. § 36–80a violates Plaintiff's right to equal protection under the law and is therefore void as written. *Houston Chronicle v.*

*City of Houston,* 620 S.W.2d 833 (Tex.Civ. App.—Houston [14th], 1981).

Plaintiff also contended that its particular charity or class of charities has been selectively subjected to Ordinance § 36–80a as opposed to other, more well-established and well-known charities in the City. The Court does not find from the evidence presented at the preliminary injunction hearing that Defendant CITY OF HOUSTON has been selectively enforcing Ordinance 36–80a as against the Plaintiff.

## CONCLUSIONS

The Court finds that City Ordinance Art V. § 36–80a unreasonably intrudes upon Plaintiff's right of free speech in violation of the First Amendment to the United States Constitution.

The Court further finds City Ordinance Art V. § 36–80a violates Plaintiff's right to equal protection under the law and is therefore void as written.

Plaintiff is entitled to relief for violation of its fundamental constitutional rights.

Plaintiff CITY OF ANGELES MISSION CHURCH has met its burden for injunctive relief under Federal Rule of Civil Procedure 65(a).

The CITY OF HOUSTON is hereby enjoined from enforcing City Ordinance Art V. § 36–80a. Plaintiff has posted a cash bond of one hundred dollars ($100.00).

Because Plaintiff has prevailed on its complaint for injunctive relief it is entitled to reasonable attorney's fees from Defendant.

In the event any of the foregoing findings of fact constitute conclusions of law, they are adopted as such.

In the event any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.